WILLIAM G. MORRISON, APPELLANT, *v.* MINOR WINN, RESPONDENT.

ESTOPPEL—UNSURVEYED LANDS—WATER RIGHTS.

The appellant abandoned the possession of an unsurveyed tract of land, and stated to respondent's grantor he no longer had any interest in it; whereupon the latter took actual possession of the land, and made improvements, at a cost of $1,000, and continued to use the water now in dispute upon it without objection, without which it was of no value. Respondent paid such grantor the amount he had expended, and expended $500 more upon improvements, all of which was known to appellant, and to which he made no objection. *Held*, appellant was estopped from claiming the water against respondent.

(No. 906.   Decided September 20, 1898.)

Appeal from district court Sevier county; E. V. Higgins, *Judge.*

Action by William G. C. Morrison against Minor Winn. There was a decree for defendant, and plaintiff appealed. *Affirmed.*

*J. W. N. Whitecotton,* for appellant.

*J. B. Jennings,* for respondent.

ZANE, C. J.:

On July 27, 1896, the appellant filed his complaint in the district court of Sevier county, in which he alleged, among other things, that he was entitled to the waters of Dry creek, in that county; that respondent claimed

the right to the same waters, and was using them to irrigate a tract of land occupied by him; and prayed for a decree determining his rights thereto, and perpetually enjoining the respondent from using them. The defendant answered, denying the appellant's right, and alleged in his cross complaint that the right to them was in him, and prayed that the same might be so determined, and that appellant might be perpetually enjoined from using the same or any part thereof.

It appears from the record that, in 1883, appellant obtained the possession of the E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, and the W. $\frac{1}{2}$ of the S. E.$\frac{1}{4}$ , of section 34, township 25, in Sevier county, Utah, to which he afterwards obtained a patent from the United States; that he also took possession of 100 acres of unsurveyed land of the United States on the south side of it, through which Dry creek runs, from which he occasionally irrigated a portion of his patented land upon which he lived, but it appears he usually obtained water from Clear creek for the latter. In 1892 appellant sold his patented land, and his possessory right to the unpatented land, including the water in dispute, to one N. C. Sorenson, who took actual possession. It appears, further, that J. A. Moore, having heard that one Hulbert was about to take possession of the unsurveyed land, went to the appellant, and informed him of that fact, and appellant said it did not belong to him; that it made no difference. Moore then told him if he could get on the land first he would claim it; and appellant answered, "I would rather see you take it than anybody;" and said, "Go and build a home upon it;" and Moore said to him, "If there are any improvements on it that belong to you, I will pay for them." Appellant said there was water enough to raise what Moore would need, and made no claim to the water. It further appears

that Moore called on Sorenson two days afterwards, who said to him he had made a certain fence on the land, for which he had given one Hulbert a horse, and Moore could have it for a saddle horse, which the latter delivered. On the same day Moore took possession of the unsurveyed land, and commenced improving it; erected a house and stable upon it; fenced a field; plowed ground, and seeded it, raising crops; cleared out ditches; made new ones; and used the water in dispute upon it until March 12, 1895, when he sold and delivered the possession of the entire unsurveyed land and water right in dispute to the respondent for $1,000. It also appears that respondent took possession under the sale, and has since made permanent improvements on it to the value of $500, and still has possession, using the waters in dispute, the plaintiff making no objection to such possession or improvements. This action was not brought to recover possession of the land. It was simply brought to secure a decree establishing plaintiff's right to the waters of Dry creek, and an injunction restraining respondent from using it. It appears that the deed of conveyance from appellant Sorenson of the patented land, and the possessory right to the unsurveyed land, or the contract to convey (which does not appear from the record or otherwise), was set aside some years after it was made, when does not appear, nor does it appear precisely what the provisions of the decree were. The decree does not appear in the record.

The facts, as above stated, are the substance of the findings of the court, and from them the court concluded that the appellant was estopped from claiming a right to the waters of Dry creek, as against the respondent. From the evidence in the record, and from the fact that appellant has not contested respondent's possessory right

to the unsurveyed land, we must regard that right as in the respondent. It appears that the waters of Dry creek have been used on that land exclusively for as much as 15 years, excepting some of it was used by appellant at times on the patented land before the sale to Sorenson. It appears that respondent acted in good faith in the purchase of this land and in making improvements upon it, and to deny him the use of the water in question would render his land worthless. Under the evidence, the appellant must be presumed to have known whether he had any right to the land in possession of respondent, and the waters of Dry creek, better than respondent, or even than Moore, his immediate grantee. When Moore asked him whether he claimed any interest in the land he should have limited his consent, or as soon as he was apprised that Sorenson claimed the right to rescind the the sale he should have informed Moore and respondent of his contingent interest, if he intended to claim it upon a rescission. The appellant having assured respondent's grantor that he had no interest in the unsurveyed land, and having allowed him to take possession of and build upon it and use the water in dispute, and he having done so in good faith, at a cost of $1,000, and respondent having paid that sum and expended as much as $500 in addition, and the appellant knowing of such improvements, and having made no objections, but having acquiesced therein, he was estopped, as the lower court held, from claiming the waters in dispute. We find no error in the record. The decree is affirmed with costs.

BARTCH and MINER, JJ., concur.